The opinion of the Court was delivered by
Whitner, J.
The defendant subscribed to the capital stock of the N. E. Railroad Company in a book which had been prepared, by the mayor, for the time, and subsequently copied in the book of the commissioners appointed by the legislature. The defendant also' paid at the time, the sum of money required by the terms of the charter to render the subscription valid.
The book contained a suitable caption under which the signature was placed, aided if necessary by an exhibition of the charter, a copy of which was attached to the first page of the book. It cannot avail the defendant that the subscription may not have been made in the presence of the commissioners, ’ or that it was made at the instance of another taking an especial interest in the enterprise. The fact of such a subscription created an obligation and promise to pay the further sums when required according to the terms of the charter, unless there is found something else in the case to relieve the defendant. G. & C. R. R. Co., vs. Cathcart, 4 Rich. 89.
The eighth section of the charter (Act of Assembly, 1851, p. *282 132) in reference to unpaid instalments, prescribes that “in case any instalment on any share shall remain unpaid for the space of ninety days after the time appointed for payment thereof, such share shall be liable to forfeiture and the company may declare the sums forfeited and vested in the company, but such forfeiture shall be deemed to discharge the defaulting stockholder from the obligation to pay the amount remaining unpaid on the forfeited share.” In the case above cited, and other cases are to be found in our books, it has been held that the right to forfeit is not at the option of the subscriber, but of the company, being a power merely cumulative, to secure and not to defeat the enterprise. The terms of the charter under review in the case cited will be found more favorable to the subscriber desiring to forfeit, than in this charter. In the former charter in case of default, the share, and the money paid on account thereof, it is declared, shall be forfeited to the company ; the latter, prescribes that such share shall be liable to forfeiture and the company may declare the same forfeited.
But it is said in the present case the right to forfeit was one of the terms of the contract promised on the one part, and reserved on the other, at the time of subscription. The circumstances present a case very analogous to the case G. & C. R. R. Company vs. D. M. Smith, 6 Rich. 91. We are warranted in the conclusion as well by the verdict of the jury as the facts in evidence that the defendant was not induced by misrepresentation to subscribe. The facts were spread before the defendant truly. All the means of a correct judgment were afforded. The principles settled and the course of reasoning adopted in Smith’s case to hold him to his contract are even more clear and forcible when applied to the case in hand. If it be conceded that the person who presented the book for subscription was the agent of the commissioners appointed by the legislature, it will be seen at once that the commissioners were appointed for a specific object and with limited powers the very precise terms of which were furnished to the defend *283 ant.' They bad no power to stipulate beyond tbe charter. That tbe mayor, or tbe committee-man, or tbe commissioner to receive subscriptions, should entertain and very honestly express tbe opinion, even although in such expression it assume the confident tone of an assurance, that a subscriber would have tbe right under tbe charter to forfeit bis share on bis own motion, cannot vary tbe law of tbe case. Judges and eminent lawyers before them have made tbe same mistake in reference to other charters of like import.
In this case there was no fraud practiced by tbe company or by their authorized agent. Tbe company bad not then an existence. If tbe defendant at tbe time of subscribing bad accompanied bis subscription with this or any other condition ’ inconsistent with tbe contract, sending it forward in tbe form’ of a written stipulation, then a question may have been presented, whether it was not a void contract upon its face, or tbe further question raised, whether tbe company by its acceptance did not bind themselves to ratify tbe election of tbe defendant. We have no such case to deal with. To allow-such a privilege, or avoid an obligation incurred as this has been, might well be obnoxious to tbe public and certainly to tbe other stockholders who have embarked in a common enter-prize according to tbe provisions of tbe charter. But without any imputation on any of tbe parties, each acting in good faith, it must be held one of those mistakes in ignorance of tbe law against which there is no relief, even although the defendant confided in a judgment deemed better than his own.
The motions for non-suit and new trial are dismissed.
O’Neall, Wardlaw, Withers, and Muhro, JJ., concurred.

Motions dismissed.